Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-3349-17-I** _____

| | | |
|---|---|---|
| **JUAN M. GARCIA** | § | **IN THE DISTRICT COURT** |
| **and IRASEMA GARCIA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **UNITED PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **and ALLISON HUNTE,** | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

---

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW PLAINTIFFS JUAN M. GARCIA and IRASEMA GARCIA ("Plaintiffs"), and file their Original Petition, complaining of UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ("UPC") and ALLISON HUNTE ("HUNTE") (collectively referred to as "Defendants"), and allege and state as follows:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery in this action be conducted under Level 1, in accordance with Tex. R. Civ. P. §190.2.

### B. PARTIES

2.     Plaintiffs, JUAN M. GARCIA and IRASEMA GARCIA ("Plaintiffs"), are individuals residing in Hidalgo County at 2107 W. 40th Street, Mission, Texas 78573.

3.     Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ("UPC"), is a foreign insurance company, organized and existing under the laws of Florida and authorized to conduct business in Texas, and may be served with process by serving its designated agent for service, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas,

---

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

<div align="center">C-3349-17-I</div>

Texas 75201.

4.      Defendant, ALLISON HUNTE ("HUNTE"), is an individual residing in and domiciled in Texas who is engaged in the business of adjusting insurance claims in the State of Texas. This Defendant may be served with process by a process server at her place of residence or place of business, or wherever she may be found.

<div align="center">

**C. JURISDICTION**

</div>

5.      This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements, however, will not exceed $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Plaintiffs affirmatively limit their potential recovery accordingly. See Plaintiffs' Binding Stipulation attached as Exhibit "A".

6.      This Court has jurisdiction over Defendant UPC because this Defendant purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over this Defendant, and the assumption of jurisdiction over UPC will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

7.      Plaintiffs would show that Defendant UPC had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8.      Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant UPC to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

9.      Furthermore, Plaintiffs would show that Defendant UPC engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil

---

EXHIBIT C, Page 2

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3349-17-I**

Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in whole or in part in Texas, and recruits or has recruited Texas residents for employment inside or outside the state.

10.     This Court has jurisdiction over Defendant HUNTE because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### D. VENUE

11.     Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

### E. CONDITIONS PRECEDENT

12.     All conditions precedent to recovery have been performed, waived, or have occurred.

### F. AGENCY AND *RESPONDEAT SUPERIOR*

13.     Whenever in this petition it is alleged that UPC did any act or omission, it is meant that UPC or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of UPC or done in the normal routine, course and scope of the agency or employment of UPC or its agents, officers, servants, employees, or representatives.

### G. FACTS

14.     Plaintiffs are the owners of Texas Insurance Policy No. UTH-0098725-00-42 (hereinafter referred to as "the Policy"), which was issued by Defendant UPC.

15.     Plaintiffs own the insured residential property specifically located at 2107 W. 40th

---

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Street, Mission, Hidalgo County, Texas 78573 (hereinafter referred to as "the Property").

16. Defendant UPC sold the Policy insuring the Property to Plaintiffs.

17. On or about March 26, 2015, a severe hailstorm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused damage throughout the interior of the Property, including, but not limited to, the interior ceilings, walls, insulation, and flooring of the Property. Plaintiffs' Property also sustained substantial exterior damage during the Storm.

18. After the Storm, Plaintiffs filed a claim (Claim No. 2015TX020451) with their insurance company, Defendant UPC, for the damages to the Property caused by the Storm.

19. Plaintiffs submitted a claim to Defendant UPC against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

20. Plaintiffs requested that Defendant UPC cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

21. Defendant HUNTE was the adjuster assigned by UPC to adjust the claim. HUNTE was improperly trained and failed to perform a thorough investigation of Plaintiffs' Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all or a portion of the Plaintiffs' Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiffs being denied the benefit of the bargain and loss payments due under the terms and conditions of the Policy of Insurance issued by UPC. HUNTE

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

conducted a substandard investigation of Plaintiffs' Property only addressing a small portion of the Storm damage to Plaintiffs' Property and ignoring the majority of the wind and hail damage.

22.     HUNTE'S adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied portions of the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving insufficient funds from UPC to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

23.     As a result thereof, on or about November 21, 2015 or shortly thereafter, Plaintiffs received a letter from Defendant UPC in which it advised that, based on HUNTE'S report, the damage to the Property as a result of the Storm was below the Policy deductible and Plaintiffs' claim would not be covered.

24.     UPC and its adjuster, HUNTE, wrongfully denied Plaintiffs' claim for repairs of the insured Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

25.     Based upon information and belief, Defendant HUNTE was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted. HUNTE was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiffs' Hail and Wind damage loss to Plaintiffs' Property resulting from the Storm in order to increase the number of claims adjusted by her for her personal pecuniary benefit, as indicated below in sub-paragraphs (a) through (g). Additionally, based upon information and belief and the acts and practices actually employed by Defendant HUNTE,

EXHIBIT C, Page 5

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3349-17-I**

HUNTE held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiffs herein as specifically demonstrated below in sub-paragraphs (a) through (b). Defendant HUNTE, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiffs as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiffs resulting in the denial and/or underpayment of Plaintiffs' claim; to wit:

    a)      HUNTE'S investigation and inspection for damages to the Plaintiffs' Property was performed in an insufficient time period to perform an adequate assessment of the damage to the Property resulting from the Storm;

    b)      HUNTE failed to and/or refused to properly interview the Plaintiffs to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its Pre-Storm condition;

    c)      HUNTE did not inspect for hidden or latent damage resulting to Plaintiffs' Property that is customarily found to exist in property that has gone through a hail and wind storm of the severity of that which occurred in the Hidalgo County area on March 26, 2015;

    d)      HUNTE failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Hidalgo County area for the repair, replacement and restoration of the Plaintiffs' Property damaged by the Storm;

    e)      HUNTE performed only a cursory inspection of the roof, refusing to

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

inspect all of the damage of the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to UPC for exterior and interior water damages and/or note other damages existing to the Property at the time of inspection such as damages to the ceilings and walls that were sustained as a result of the Storm;

f)      HUNTE, during her investigation of the Plaintiffs' claim, failed to inspect all of the Property and did not include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiffs' covered storm property losses to UPC;

g)      HUNTE fraudulently represented to Plaintiffs verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of the Storm damages to Plaintiffs' Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiffs' Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in HUNTE'S report to UPC.

26.     Defendant UPC failed to thoroughly review the fraudulent and inaccurate assessment of the claim by HUNTE, and ultimately approved HUNTE'S inaccurate report of the damages to the Property.

27.     The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

fully repair or replace the damage to the insured Property.

28.     Defendant HUNTE is individually legally liable to Plaintiffs for the losses and damages sustained as a direct, producing and proximate cause of the acts of omission and commission detailed herein and above, for which Plaintiffs here now sue for the recovery of monetary damages within the jurisdictional limits of this Court against said Defendants.

29.     In the alternative, without waiving the foregoing, and based upon information and belief, UPC, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that they hired and retained competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of UPC in the practice of insurance claims handling. UPC breached such duties in connection with Plaintiffs' Property Damage claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by HUNTE.

30.     At all times material herein, UPC had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiffs. UPC represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with UPC. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiffs relied on such representations to their detriment, purchased the Policy from UPC and accepted the estimate of damages from HUNTE and which, unknown to Plaintiffs, included denial and underpayment of covered losses and damages sustained in the Storm. UPC made such

EXHIBIT C, Page 8

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3349-17-I**

representations knowing they were false and with the intent that Plaintiffs rely on such representations. UPC, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiffs herein, by assigning HUNTE to adjust and handle Plaintiffs' claim, is responsible for the acts of omission and commission set forth herein and above in connection with HUNTE'S investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiffs as a result of the Storm.

31.     UPC distributed training, educational, and instructional materials to the field claim representatives and adjusters such as HUNTE; held meetings and issued directives to the field instructing how UPC wanted the hail losses like Plaintiffs' to be handled. UPC communicated and disseminated claims handling practices and methodologies to its field adjusters such as HUNTE of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm. These policies served to fuel and motivate HUNTE'S individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiffs as set forth herein.

32.     Additionally, UPC and HUNTE, collectively and individually, conspired to and did breach their duty of good faith, fair dealing and timely payment of all covered losses owed to Plaintiffs resulting from the Storm as set forth below.

33.     Defendant HUNTE conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, dated November 21, 2015, which failed to include many of the damages and grossly underestimated and undervalued those damages that were included.

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3349-17-I**

34.    Defendant UPC failed to thoroughly review the assessment of the claim by Defendant HUNTE and ultimately approved HUNTE'S inaccurate report of the damages. As a result, Plaintiffs were denied payment on their claim and have suffered damages.

35.    Together, Defendants set out to deny and/or underpay properly covered damages. As a result of Defendants unreasonable investigation, including their under-scoping and incomplete inspection of Plaintiffs' Storm damages during their investigation(s) and failure to provide full coverage for the damages sustained by Plaintiffs, Plaintiffs' claim was improperly adjusted, and Plaintiffs were denied adequate and sufficient payment to repair the Property and have suffered damages.

36.    HUNTE intentionally, knowingly and as directed by UPC, conducted a substandard investigation of Plaintiffs' claim with the intent to underpay or deny all or a portion of the claim for the benefit of UPC, which resulted in losses and damages to Plaintiffs' Property. This practice of wrongfully denying and/or underpaying claims of UPC policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses and underpaying covered losses of its insured policy holders, was specifically employed by HUNTE in connection with the handling of the claim for damages and losses sustained by Plaintiffs as a result of the Storm.

37.    Defendant HUNTE, engaged in a claims processing handling practice designed by UPC to reduce the overall loss payments UPC was obligated contractually to pay policyholders as a whole in the Hidalgo County area for the covered losses resulting from the Storm. UPC directed its adjusters and claim representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

its insured policy holders, refuse to inspect portions of the properties damaged and claim that damage to the property found to exist was due to normal wear and tear or was the result of other causes that pre-existed the Storm as a basis for not including those damages in the report. Plaintiffs' claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by Defendants UPC and HUNTE in connection with the handling of Plaintiffs claim.

38.    As detailed in the paragraphs below, Defendant UPC wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant UPC underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

39.    To date, Defendant UPC continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

40.    Defendant UPC failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant UPC'S conduct constitutes a breach of the insurance contract between UPC and Plaintiffs.

41.    Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

---

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

42.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

43.     Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

44.     Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

45.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an incomplete and outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

46.     Defendant UPC failed to meet its obligations under the Texas Insurance Code

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. UPC'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

47.     Defendant UPC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. UPC'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

48.     Defendant UPC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. UPC'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

49.     From and after the time Plaintiffs' claim was presented to Defendant UPC, the liability of UPC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, UPC has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. UPC'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

50.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

51.     As a result of Defendants wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

## H. CAUSES OF ACTION

### *CAUSES OF ACTION AGAINST DEFENDANT*
### *ALLISON HUNTE*

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

52.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-51 and incorporate the same herein by this reference as if here set forth in full.

53.     Defendant HUNTE was assigned to inspect and adjust the property damage claim. Defendant HUNTE was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During the investigation, HUNTE failed to properly assess Plaintiffs' Storm damages and omitted properly covered damages from her reports and/or estimates of the damages, including Plaintiffs' interior and exterior damages. HUNTE refused to inspect all interior damages wrongfully claiming such damages were not covered by the Policy. In addition, the damages that HUNTE did include in her estimates and reports were grossly undervalued and underestimated. As a result, Plaintiffs were denied payment on their claim and have suffered damages.

54.     Defendant HUNTE'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

55.     Defendant HUNTE is individually liable for her unfair and deceptive acts, despite the fact she was acting on behalf of UPC, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

health insurance counselor." TEX. INS. CODE §541.002(2). *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

56.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant HUNTE'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

57.     Defendant HUNTE failed to make an attempt to settle Plaintiffs' claim in a fair manner, although she was aware of Defendant's liability to Plaintiffs under the Policy. Defendant HUNTE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

58.     Defendant HUNTE failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement. Specifically, Defendant HUNTE failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant HUNTE as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

59.     Defendant HUNTE'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

60.     Defendant HUNTE did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages. Defendant HUNTE'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANT
### UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

61.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-60 and incorporate the same herein by this reference as if here set forth in full.

62.     Defendant UPC is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

63.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-62

---

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3349-17-I**

and incorporate the same herein by this reference as if here set forth in full.

64.     Defendant UPC'S conduct constitutes a breach of the insurance contract made between UPC and Plaintiffs.

65.     Defendant UPC'S failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of UPC'S insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

66.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-65 and incorporate the same herein by this reference as if here set forth in full.

67.     Defendant UPC'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

68.     Defendant UPC'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

69.     Defendant UPC'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though UPC'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

70.     Defendant UPC'S unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

71.     Defendant UPC'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

72.     Defendant UPC'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

<u>**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**</u>
<u>**THE PROMPT PAYMENT OF CLAIMS**</u>

73.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-72 and incorporate the same herein by this reference as if here set forth in full.

74.     Defendant UPC'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

75.     Defendant UPC'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

76.     Defendant UPC'S failure to notify Plaintiffs in writing of its acceptance or

---

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3349-17-I**

rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of

the claim. TEX. INS. CODE §542.056.

77.     Defendant UPC'S delay of the payment of Plaintiffs' claim following its receipt

of all items, statements, and forms reasonably requested and required, longer than the amount of

time provided for, as described above, constitutes a non-prompt payment of the claim. TEX.

INS. CODE §542.058.

### RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

78.     Defendant HUNTE, whose conduct is referenced herein and above, is an agent of

UPC based upon her acts of commission and omission in the handling of Plaintiffs' claim,

including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of

the insurer. TEX.INS.CODE §4001.051.

79.     Separately, and/or in the alternative, as referenced and described above, UPC

ratified the actions and conduct of HUNTE including the manner in which they discharged or

failed to properly discharge their duties under the common law and applicable statutory laws and

regulations.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

80.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-79

and incorporate the same herein by this reference as if here set forth in full.

81.     Defendant UPC'S conduct constitutes a breach of the common law duty of good

faith and fair dealing owed to insured in insurance contracts.

82.     Defendant UPC'S failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiffs' claim, although, at that time, UPC knew or should have

known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

breach of the duty of good faith and fair dealing.

### *CAUSES OF ACTION AGAINST ALL DEFENDANTS*

83.     Plaintiffs are not making any claims for relief under federal law.

### **FRAUD**

84.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-83 and incorporate the same herein by this reference as if here set forth in full.

85.     Defendants are liable to Plaintiffs for common law fraud.

86.     UPC represented in its Policy that covered Hail and Wind Damages would be insured against loss. Plaintiffs, to their detriment, purchased UPC'S policy in exchange for a benefit UPC knew the Plaintiffs would not receive. Plaintiffs further relied to their detriment upon the false, fraudulent and deceptive acts and practices employed by Defendants, in performing an inspection, investigation and evaluation of Plaintiffs' Storm damages. Plaintiffs were not knowledgeable in the manner and scope required to investigate a storm related loss, nor knowledgeable in insurance loss coverage issues. Defendants, based upon their experience, special knowledge of storm related structural loss issues and insurance coverage issues where able to deceive Plaintiffs into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid. Plaintiffs were unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiffs. Plaintiffs relied to their detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiffs have been unable to repair the Storm damages and/or make temporary repairs using Plaintiffs' own limited

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

funds, prolonging Plaintiffs' hardship of living in a storm-damaged home. Defendants knew at the time the above misrepresentations and fraudulent conduct occurred that the representations contained in the estimate of loss and communicated to Plaintiffs were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

87.     The statements were made with the intention that they should be acted and relied upon by Plaintiffs, who in turn acted in reliance upon such statements and actions, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

88.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-87 and incorporate the same herein by this reference as if here set forth in full.

89.     Defendants are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injuries as a proximate result.

### I. KNOWLEDGE

90.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs'

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

damages described herein.

## J. DAMAGES

91.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

92.    As previously mentioned, the damages caused by the March 26, 2015 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

93.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

94.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

95.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

96.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the

---

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

insurer owed, exemplary damages, and damages for emotional distress.

97.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

98.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### K. STATEMENT OF RELIEF AND DAMAGES

99.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### L. RESERVATION OF RIGHTS

100.    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

### M. JURY DEMAND

101.    Plaintiffs hereby request that all causes of action alleged herein be tried before a

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

jury consisting of citizens residing in Hidalgo County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## N. WRITTEN DISCOVERY

102.    Attached are Plaintiffs' Interrogatories, Requests for Production, and Requests for Disclosure directed to Defendant UPC.

## O. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sum as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they are justly entitled to, provided Plaintiffs seek a final judgment, exclusive of interest and costs, not to exceed $75,000.

EXHIBIT C, Page 24

Electronically Filed
7/25/2017 8:12 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3349-17-I

Respectfully submitted,

**PHIPPS, LLP**

THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone:     (210) 340-9877
Telecopier:     (210) 340-9887
Email: gortiz@phippsllp.com
Email: rsoliz@phippsllp.com

BY:    /s/ J. Gabriel Ortiz
          MARTIN J. PHIPPS
          State Bar No. 00791444
          J. GABRIEL ORTIZ
          State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFFS**

---

EXHIBIT C, Page 25

**C-3349-17-I**

# EXHIBIT A

**C-3349-17-I**

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN M. GARCIA | § | IN THE DISTRICT COURT |
| and IRASEMA GARCIA | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | ___ TH JUDICIAL DISTRICT |
| | § | |
| UNITED PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| and ALLISON HUNTE, | § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

## BINDING STIPULATION

COME NOW Plaintiffs, JUAN M. GARCIA and IRASEMA GARCIA, by and through their attorney, who stipulate as follows:

1. The total sum or value in controversy in this case of action does not exceed $75,000.00 exclusive of interest and costs.

2. The total damages sought by the Plaintiffs in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

3. Neither Plaintiffs nor their attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4. Neither Plaintiffs nor their attorney will amend their petition to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5. Plaintiffs and their attorney understand and agree that Plaintiffs' recovery is limited to an amount less than $75,000.00 exclusive of interest and costs.

2

**C-3349-17-I**

Signed on July 25, 2017.

**BINDING STIPULATION SIGNED:**

> **Phipps, LLP**
> The Phipps
> 102 9th Street
> San Antonio, Texas 78215
> Telephone: (210) 340-9877
> Telecopier: (210) 340-9887
>
> By: ____/s/ J. Gabriel Ortiz_____
> MARTIN J. PHIPPS
> State Bar No. 00791444
> J. GABRIEL ORTIZ
> State Bar No. 24085512
>
> **ATTORNEYS FOR PLAINTIFFS**

3

CAUSE NO. **C-3349-17-I**

| | | |
|---|---|---|
| **JUAN M. GARCIA** | § | **IN THE DISTRICT COURT** |
| **and IRASEMA GARCIA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **UNITED PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **and ALLISON HUNTE,** | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT
### UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

TO:    DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its designated Attorney for Service:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, United Property and Casualty Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Additionally, Pursuant to Tex. R. Civ. P. 190.2(b)(6), Plaintiffs request that Defendant disclose, within fifty-one (51) days of service of this request, all documents, electronic information, and tangible items in Defendant's possession, custody, or control which may be used to support the claims or defenses asserted in this matter.

Page 1

EXHIBIT C, Page 29

C-3349-17-I

Respectfully submitted,

**PHIPPS, LLP**

THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone:    (210) 340-9877
Telecopier:    (210) 340-9887
Email: gortiz@phippsllp.com
Email: rsoliz@phippsllp.com

BY:    /s/ J. Gabriel Ortiz
            MARTIN J. PHIPPS
            State Bar No. 00791444
            J. GABRIEL ORTIZ
            State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 25th day of July, 2017:

***VIA CERTIFIED MAIL:***
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

/s/ J. Gabriel Ortiz
            J. Gabriel Ortiz

CAUSE NO. C-3349-17-I

| | | |
|---|---|---|
| JUAN M. GARCIA | § | IN THE DISTRICT COURT |
| and IRASEMA GARCIA | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | ___ TH JUDICIAL DISTRICT |
| | § | |
| UNITED PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| and ALLISON HUNTE, | § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT
## UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

TO:   DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its designated Attorney for Service:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, United Property and Casualty Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following request for production.

Page 1

C-3349-17-I

Respectfully submitted,

**PHIPPS, LLP**

THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone:    (210) 340-9877
Telecopier:    (210) 340-9887
Email: gortiz@phippsllp.com
Email: rsoliz@phippsllp.com

BY:    /s/ J. Gabriel Ortiz
          MARTIN J. PHIPPS
          State Bar No. 00791444
          J. GABRIEL ORTIZ
          State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 25th day of July, 2017:

***VIA CERTIFIED MAIL:***
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

/s/ J. Gabriel Ortiz
          J. Gabriel Ortiz

Page 2

C-3349-17-I

**INSTRUCTIONS**

1.  All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, you shall state so in writing.

2.  Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

3.  For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

4.  If you receive a request to identify the information and material withheld due to a claim of privilege or other protection from disclosure, you must serve a withholding statement as required by TRCP 193.3.

5.  To the extent you assert that a document contains information that should be protected from disclosure and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

6.  For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

7.  The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

**C-3349-17-I**

### DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.  "PLAINTIFFS" means Juan M. Garcia and Irasema Garcia, along with their family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2.  "DEFENDANT," means United Property and Casualty Insurance Company, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.  "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer of other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

C-3349-17-I

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4. "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5. "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6. "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7. "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8. "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and

C-3349-17-I

other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9. "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal, Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10. "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11. "DESCRIBE" and "IDENTIFY", when referring to a person, require statements of the following:

   a.  The full name.
   b.  The present or last known residential address.
   c.  The present or last known residential and office telephone numbers.
   d.  The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
   e.  In the case of any person other than an individual, identify the officer, employee,   or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12. "DESCRIBE" and "IDENTIFY", when referring to a document, are defined to require that you state the following:

   a.  The nature (e.g., letter, handwritten note) of the document
   b.  The title or heading that appears on the document
   c.  The date of the document and the date of each addendum supplement, or other addition or change.
   d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e.  The present location of the document, and the name, address, position, or title, and

**C-3349-17-I**

telephone number of the person or person having custody of the document.

13.  The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.  "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.  The term "LAWSUIT" means Cause No. _____; *Juan M. Garcia and Irasema Garcia v. United Property and Casualty Insurance Company and Allison Hunte*; In the _____ Judicial District Court of Hidalgo County, Texas.

16.  "RESIDENCE" and/or "PROPERTY" refers to the home located at 2107 W. 40th Street, Mission, Hidalgo County, Texas 78573.

C-3349-17-I

**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT
UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**

1. The insurance policy in effect on the date of Plaintiffs' claim(s).

   RESPONSE:

2. The entire unedited original claims investigation file generated and maintained in the ordinary course of business by Defendant, its adjusters, or anyone acting for or on their behalf, pertaining to Plaintiffs' claim(s) making the basis of this lawsuit, including but not limited to, all memos, reports, notes, evaluations, emails, estimates, videos, photos, and all other materials in any way pertaining to the claim of Plaintiffs', and all documents presently contained in the file or which have ever been placed in the file.

   RESPONSE:

3. Any and all written or recorded statements Defendant has received or obtained from Plaintiffs, Plaintiffs' representative, or any other person with relevant knowledge related to the matters made the basis of this lawsuit.

   RESPONSE:

4. All correspondence and communication between Defendant and Plaintiffs, Plaintiffs' representatives, any other defendant(s), or any third party regarding Plaintiffs' claim(s).

   RESPONSE:

5. Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

   RESPONSE:

6. Any and all documents, reports, estimates, engineering reports, data, testing, sampling, emails, notes, memoranda, photographs, drawings, diagrams, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

   RESPONSE:

7. Any and all claims files and claim reports, including but not limited to activity logs, notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

   RESPONSE:

Page 8

C-3349-17-I

8.      Any and all materials, handouts, guides, manuals, outlines, articles, and/or other written communication created, issued, used or relied upon by Defendant that guides, instructs, outlines, discusses or pertains to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

        RESPONSE:

9.      Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant(s) regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

        RESPONSE:

10.     A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

        RESPONSE:

11.     Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiffs in this case, and any and all records reflecting payment to Plaintiffs concerning Plaintiffs' claim(s) made the basis of this suit.

        RESPONSE:

12.     All non-privileged documents and communications including e-mails regarding the assignment, investigation, recommendation, adjusting, and/or handling of the claim(s) made the basis of this suit.

        RESPONSE:

13.     True and complete copy of activity logs filed by the staff and independent adjusters on the file.

        RESPONSE:

14.     The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit, and all notes, memorandum, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

        RESPONSE:

Page 9

**C-3349-17-I**

15.    If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

   <u>RESPONSE</u>:

CAUSE NO. <u>C-3349-17-I</u>

| | | |
|---|---|---|
| **JUAN M. GARCIA** | § | **IN THE DISTRICT COURT** |
| **and IRASEMA GARCIA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **UNITED PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **and ALLISON HUNTE,** | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT
## UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

TO:    DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its designated Attorney for Service:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, United Property and Casualty Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following set of interrogatories.

EXHIBIT C, Page 41

C-3349-17-I

Respectfully submitted,

**PHIPPS, LLP**

THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone:     (210) 340-9877
Telecopier:     (210) 340-9887
Email: gortiz@phippsllp.com
Email: rsoliz@phippsllp.com

BY:   /s/ J. Gabriel Ortiz
          MARTIN J. PHIPPS
          State Bar No. 00791444
          J. GABRIEL ORTIZ
          State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 25th day of July, 2017:

**VIA CERTIFIED MAIL:**
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

/s/ J. Gabriel Ortiz
          J. Gabriel Ortiz

**C-3349-17-I**

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.  "PLAINTIFFS" means Juan M. Garcia and Irasema Garcia, along with their family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2.  "DEFENDANT," means United Property and Casualty Insurance Company, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.  "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer of other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

C-3349-17-I

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.   "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.   "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.   "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.   "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.   "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and

C-3349-17-I

other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.  "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal, Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10. "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11. "DESCRIBE" and "IDENTIFY", when referring to a person, require statements of the following:

   a.  The full name.
   b.  The present or last known residential address.
   c.  The present or last known residential and office telephone numbers.
   d.  The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
   e.  In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12. "DESCRIBE" and "IDENTIFY", when referring to a document, are defined to require that you state the following:

   a.  The nature (e.g., letter, handwritten note) of the document
   b.  The title or heading that appears on the document
   c.  The date of the document and the date of each addendum supplement, or other addition or change.
   d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e.  The present location of the document, and the name, address, position, or title,

C-3349-17-I

and telephone number of the person or person having custody of the document.

13.  The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.  "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.  The term "LAWSUIT" means Cause No. _____; *Juan M. Garcia and Irasema Garcia v. United Property and Casualty Insurance Company and Allison Hunte;* In the _____Judicial District Court of Hidalgo County, Texas.

16.  "RESIDENCE" and/or "PROPERTY" refers to the home located at 2107 W. 40th Street, Mission, Hidalgo County, Texas 78573.

C-3349-17-I

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT**
**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**

1.      State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

RESPONSE:

2.      State whether Defendant contends that any conditions precedent to Plaintiffs' recovery have not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

RESPONSE:

3.      List the date(s) Defendant received Plaintiffs' notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiffs' notice of claim(s), and in what form the notice of claim was submitted.

RESPONSE:

4.      State whether Defendant contends that Plaintiffs did not provide any named defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s). If so, state what information was requested and not provided, and the dates of the requests.

RESPONSE:

5.      State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

RESPONSE:

6.      State every basis, in fact and in the terms of Plaintiffs' policy, for Defendant's denial and/or recommendation of denial of Plaintiffs' claim(s), and failure to pay for Plaintiffs' full claims.

RESPONSE:

7.      As to property damages (and all resulting damages) alleged by Plaintiffs, state specifically and in detail what the claim or contention is of the Defendant regarding any

C-3349-17-I

cause or contributing cause of the occurrence, including a detailed statement of the facts or information upon which your contention is based.

8.     State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, *et seq.,* formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

RESPONSE:

9.     State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.

RESPONSE:

10.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days); acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiffs reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiffs' current live pleading against Defendant.

RESPONSE:

11.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiffs in writing the acceptance or rejection of Plaintiffs' claim no later than the 15th business day after receipt of any requested information from Plaintiffs, in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days, including stating the reason if rejected or explanation of why Defendant cannot do so within that time, as refuted in Plaintiffs' current live pleading against Defendant.

RESPONSE:

12.    State the legal theories and describe the factual bases for your contention that Defendant

C-3349-17-I

fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiffs' current live pleading against Defendant.

RESPONSE:

13.   For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

RESPONSE:

14.   Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiffs regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

RESPONSE:

15.   Identify by name, address, and telephone number, all persons and or entities, agency or agents, and brokers that have issued Plaintiffs' Policy.

RESPONSE: